[No. 3456–9–III.   Division Three.   July 15, 1980.]

LEON'S PLUMBING & HEATING, INC., *Appellant,* v.
AQUA DRILLING, ET AL, *Respondents.*

*Thomas B. Gess,* for appellant.

*Dan F. Hultgrenn* and *Sullivan, McKinlay & Hultgrenn,* for respondents.

Roe, J.—Plaintiff *corporation* sued the defendant to foreclose a materialman's lien. The action was dismissed because plaintiff was not a registered general contractor under RCW 18.27.080[1] when it contracted for the work which was the basis of this suit. Plaintiff appeals.

On November 17, 1977, and also on January 17, 1978, plaintiff corporation contracted with defendant to perform certain work. Subsequently, as in most construction work, there were change orders and additions. The contracts involved extensive plumbing, heating and electrical work on a building to be used in defendants' business. Although plaintiff contends it is a specialty contractor and exempt under RCW 18.27.090 as a licensed electrician or as a plumber, RCW 18.27.010 defines a general contractor as one whose business operations require the use of more than two unrelated building trades or crafts.

---

[1]RCW 18.27.080:

"Registration prerequisite to suit. No person engaged in the business or acting in the capacity of a contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any work or for breach of any contract for which registration is required under this chapter without alleging and proving that he was a duly registered contractor and held a current and valid certificate of registration at the time he contracted for the performance of such work or entered into such contract."

The trial court found the plaintiff's work involved at least three crafts—electricians, plumbers and sheet metal workers—and hence was within the statute (finding of fact No. 4). The finding is supported by substantial evidence and will not be disturbed on appeal. We note that in the application for contract registration finally made by the plaintiff corporation in July of 1978, six trades were listed by code letter. Hence, to maintain this action, plaintiff must comply with the registration of contractors act.

It is clear from the exhibits and the testimony that plaintiff corporation was not registered when the contracts were made. Presumably the corporation is foreclosed by the statute. In order to escape the literal wording of the statute, plaintiff relies on the purpose of the act, RCW 18.27.140,[2] claiming substantial compliance.

For many years prior to and at the time of the instant contracts, Virgil Leon Kilburn, *individually,* was a registered contractor under the act. There are two statutory requirements under RCW 18.27.040:

1. There must be an application for registration filed with the Department of Labor and Industries with

2. A surety bond in the sum of now $4,000 to protect labor, materialmen, taxes to the state, etc., and persons damaged by negligent work.

In addition, RCW 18.27.050 requires liability and casualty insurance for various sums, including $100,000 for injury or death to more than one person.

The above bond and insurance requirements were provided and satisfied as to Virgil Leon Kilburn individually; but he was not the contractor with the defendant because, prior to entering into the contracts, Kilburn and his wife formed a corporation in the name of the plaintiff with Kilburn and his wife as sole stockholders.

---

[2]RCW 18.27.140:

"Purpose of chapter. It is the purpose of this chapter to afford protection to the public from unreliable, fraudulent, financially irresponsible, or incompetent contractors."

Kilburn had liability insurance to cover himself individually in his electrical work, and the policy also covered the plaintiff corporation. This policy was timely filed with the Department of Labor and Industries. In lieu of a bond, a time deposit pledged to the Department may be filed with a bank. Prior to the contracts in this case, Kilburn, individually, had arranged for a time deposit with the bank, but it remained in the name of Leon's Plumbing and Heating and was not transferred to and did not cover the corporation. Plaintiff corporation alleges this was a scrivener's error of the bank since the bank knew of the corporation and received checks in the corporate name in payment of sums due the bank.

Reasonably it could be argued there was not substantial compliance with RCW 18.27.040 by the plaintiff corporation because no bond or time deposit was filed in its name and no certificate of registration was timely obtained by it. There is no showing that the bank had been instructed to issue a time deposit in lieu of a bond in the corporate name, and there was no attempt to register the corporation until approximately 6 months after the contracts were made. Then Kilburn assigned the time deposit in lieu of the bond to the corporation. As a result of the insurance and assignment of the time deposit in lieu of a bond, the corporation applied for and received a contractor's license in July of 1978.

In 1975, *Dunkelberger* [et al (the corporation)] *v. Baker,* 12 Wn. App. 917, 533 P.2d 433 (1975), was decided. There, Dunkelberger, like Virgil Leon Kilburn, was doing business as an individual and contracted with the defendants to construct a house. Later, plaintiff formed a corporation, and then, at the request of the defendants, the corporation was substituted as the contractor to continue with the work, but the corporation never qualified under RCW 18.27.080. Both Dunkelberger and the corporation, as plaintiffs, sued for contracting work done. The court found as to the corporation that there was not substantial compliance with the registration act. It had taken no steps

whatsoever to complete the required registration. Plaintiff corporation had secured neither bonding nor insurance coverage nor had it made application for a certificate. The fact that the plaintiff Dunkelberger individually held a valid license gave no protection to the public. As the court stated:

> It is a long leap from the testimony . . . to the proposition that the *surety* on Mr. Dunkelberger's individual bond, as well as his individual insurer, had bargained for and would be bound to compensate anyone for defaults or derelictions of the corporate entity occasioned by the conduct of any of the corporation's present or future officers and agents.

*Dunkelberger v. Baker, supra* at 922.

After the *Dunkelberger* case, in the first extraordinary session of 1977, the legislature amended RCW 18.27.040 and added the following proviso:

> *Provided,* That a change in the name of a business or a change in the type of business entity shall not impair a bond for the purposes of this section so long as one of the original applicants for such bond maintains partial ownership in the business covered by the bond.

Laws of 1977, 1st Ex. Sess., ch. 11, § 1.

We interpret this proviso to mean that if there is a change in the name of the business or a change in the type of business entity (such as from an individual to a corporation), then, as long as one of the original applicants for the bond (such as Kilburn in his individual work) maintains partial ownership in the corporation (which Kilburn and his wife did because they were the sole stockholders), the original bond is not impaired. Curiously, this proviso is silent as to insurance, but in the case at bench the plaintiff corporation was covered by the insurance policy; only the bond was lacking.

The registration of contractors act is in derogation of the common law. Absent a statute, a contractor may sue for work done with or without any bond or insurance. Although the registration of contractors act should be construed to fulfill its purpose, yet it should not be judicially extended.

It is strictly an act of the legislature, and apparently the legislature, by the above proviso, has seen fit to make an exception to the harshness of the statute. We are not called upon to decide whether the individual's bond would thus be liable for proper claims against the corporation arising from the work. The only question before us is the right of the plaintiff corporation to maintain this action.

In fairness to the trial court, it must be noted that this provision in the statute was not presented to it by either counsel and was not submitted in any brief to this court. It was discovered by independent research. In response to a request to counsel for comment on the proviso, the plaintiff urges that it is foursquare and demands reversal.

Defendant's counsel urges the proviso has no application in this case because it relates only to a bond and does not affect the requirements of one who chooses to file with the department a cash deposit as was done in this case. We hold that such distinction is one of form only and not substance. The purpose of the statute is served equally by either a bond or a time deposit. Hence, we treat them the same. The plaintiff corporation comes within the plain wording of the proviso. Since it has now both insurance and a bond or an adequate substitute therefor, *i.e.,* the time deposit, plaintiff has substantially complied with the statute and may maintain the action.

Judgment is reversed.

GREEN, C.J., and MUNSON, J., concur.